UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PREPARED FOOD PHOTOS, INC.** | NO. 3:22-cv-37-TAD-KDM |
| **VERSUS** | CIVIL ACTION |
| **EPIC SOLUTIONS, LLC, ET AL.** | JUDGE DOUGHTY<br>MAG. JUDGE MCCLUSKY<br>JURY TRIAL DEMANDED |

### PIGGLY WIGGLY SOUTH OPELOUSAS, LLC's
### ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Piggly Wiggly South Opelousas, LLC (referred to as "Piggly Wiggly"), Defendant, through its undersigned counsel, responds to the Complaint filed by Prepared Food Photos, Inc. (hereinafter "Prepared Food" or "Plaintiff"), as follows:

1. Paragraph 1 of the Complaint contains allegations, conclusions or statements of law to which a response is not required by Piggly Wiggly. To the extent that any response may be required with respect to any allegations of fact or other statements set forth therein, Piggly Wiggly denies Paragraph 1 of the Complaint and further denies any liability to Plaintiff in connection with therewith.

2. Paragraph 2 of the Complaint contains allegations, conclusions or statements of law to which a response is not required by Piggly Wiggly. To the extent that any response may be required with respect to any allegations of fact or other statements set forth therein, Piggly Wiggly denies Paragraph 2 of the for lack of information and reserves its right to amend or supplement this response.

3. With respect to Paragraphs 3 and 4 of the Complaint, Piggly Wiggly admits upon information and belief that Epic Solutions LLC (hereinafter "Epic Solutions") and Epic

Cybernetics LLC (hereinafter "Epic Cybernetics") are Tennessee limited liability companies with an office in Tennessee. Further, Piggly Wiggly admits that Plaintiff alleges that Epic Solutions has done business with other defendants and otherwise denies that fact for lack of information. Piggly Wiggly otherwise denies any other allegations or statements contained in Paragraphs 3 and 4 of the Complaint.

4. With respect to Paragraph 5 of the Complaint, Piggle Wiggly admits that Plaintiff alleges that Epic Solutions has done business with certain other Defendants and otherwise denies that fact for lack of information. Defendant denies any other allegations or statements contained in Paragraphs 5 of the Complaint and reserve its rights to amend or supplement this response.

5. With respect to Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the Complaint, Piggly Wiggly admits it owns and operates a grocery store in Louisiana. Further, Piggly Wiggly admits upon information and belief that: Adrien's Supermarket, Inc. operates a grocery in Lafayette, Louisiana and uses a website (adrienssupermarket.com); Mac's Fresh Market is a trade or business name used for companies that operate grocery stores at various locations in the State of Louisiana and uses a website (macsfreshmarket.com); and, Sullivan's Inc. operates a grocery store in Clinton, Louisiana and uses a website (sullivansgroc.com). Piggly Wiggly otherwise denies the allegations of Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the Complaint for lack of information and reserve its rights to amend or supplement this response.

6. Paragraphs 22 and 23 of the Complaint contains allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. To the extent that any response may be required with respect to any allegations of fact or other statements set forth therein, Piggly Wiggly denies Paragraph 22 and 23 of the Complaint.

7. Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 of the Complaint include allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. Except to admit that Plaintiff alleges that Epic Solutions does business with certain Defendants, and that this Court has personal jurisdiction over Piggly Wiggly with respect to any grocery business it operates in Opelousas, Louisiana, Piggly Wiggly otherwise denies any allegations of fact included in Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 of the Complaint.

8. Piggly Wiggly denies the allegations contained in Paragraphs 39, 40, 41 and 42 of the Complaint for lack of information sufficient to justify a belief in the truth thereof and reserves its rights to amend or supplement this response.

9. With respect to Paragraph 43 of the Complaint, Piggly Wiggly denies any and all allegations contained in Paragraph 43 of the Complaint except to admit that Epic Solutions is a marketing company that provides certain print and advertising services to Piggly Wiggly, including providing photographs in advertisements used for Piggly Wiggly.

10. Piggly Wiggly denies the allegations contained in Paragraphs 44, 45, 46 and 47 of the Complaint for lack of information sufficient to justify a belief in the truth thereof and reserves its rights to amend or supplement this response.

11. With respect to the allegations of Paragraphs 48 and 49 of the Complaint, Piggly Wiggly admits that Epic Solutions provides certain print and advertising services, including photographs in advertisements used for Piggly Wiggly. The remaining allegations of Paragraph 48 of the complaint are denied lack of information.

12. Piggly Wiggly denies the allegations contained in Paragraphs 50 and 51 of the Complaint for lack of information sufficient to justify a belief in the truth thereof.

13. Piggly Wiggly denies the allegations contained in Paragraphs 52 and 53 of the Complaint.

14. Piggly Wiggly denies the allegations contained in Paragraphs 54 and 55 of the Complaint for lack of information.

15. Piggly Wiggly denies the allegations contained in Paragraphs 56, 57 and 58 of the Complaint.

16. With respect to the allegations of Paragraph 59 of the Complaint, Piggly Wiggly admits upon information and belief that Plaintiff caused letters to be sent to Piggly Wiggly, which letters are the best evidence of its contents. Piggly Wiggly otherwise denies the allegations of Paragraph 59 of the Complaint.

17. Piggly Wiggly denies the allegations contained in Paragraphs 60, 61, 62, 63 and 64 of the Complaint.

18. The allegations contained in Paragraph 65 and 66 of the Complaint do not pertain to this Defendant, but Defendant denies those paragraphs for lack of information out of an abundance of caution.

19. Piggly Wiggly denies the allegations contained in Paragraph 67 of the Complaint.

20. With respect to the allegations of Paragraph 68 of the Complaint, Piggly Wiggly admits that Epic Solutions is a marketing company that provides certain print and advertising services, including photographs used in advertisements for Piggly Wiggly. Upon information and belief, Epic Solutions provides such services to others. The remaining allegations of Paragraph 68 of the Complaint are denied for lack of information sufficient information to justify a belief thereof.

21. Piggly Wiggly denies the allegations contained in Paragraphs 69, 70 and 71 of the Complaint to the extent any pertain to Piggly Wiggly but denies those paragraphs for lack of

information out of an abundance of caution.

22. The allegations contained in 72, 73, 74 75, 76 and 77 of the Complaint.do not pertain to Piggly Wiggly. To the extent those allegations are directed to Piggly Wiggly, those paragraphs are denied as to the Piggly Wiggly and are otherwise denied for lack of information out of an abundance of caution and reserves its rights to amend or supplement this response.

23. Piggly Wiggly denies the allegations contained in Paragraph 78 and 79 of the Complaint for lack of information sufficient to justify a belief in the truth thereof. To the extent those allegations are directed to Piggly Wiggly, those paragraphs are denied as to Piggly Wiggly and are otherwise denied for lack of information out of an abundance of caution.

24. Paragraph 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116 and 117 of the Complaint include allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. To the extent that any of those paragraphs are directed to Piggly Wiggly, Piggly Wiggly responds to any allegations of fact included by admitting that Epic Solutions is a marketing company that provides certain print and advertising services, including photographs used in advertisements for Piggly Wiggly. Upon information and belief, Epic Solutions provides such print and advertising services to others. Further, upon information and belief Piggly Wiggly did not receive any unauthorized photographs as alleged by Plaintiff, nor was Piggly Wiggly timely notified that any such photographs were unauthorized or protected from use or display.  Further, Piggly Wiggly did not knowingly or intentionally provide or distribute any false copyrighted material to anyone, nor attempted to conceal any alleged infringement, by any party. Piggly Wiggly otherwise denies the allegations of Paragraph 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109,

110, 111, 112, 113, 114, 115, 116 and 117 of the Complaint.

25. In response to Paragraph 118 of the Complaint, Piggly Wiggly adopts and incorporate its responses to Paragraphs 1 through 117 of the Complaint as set forth above.

26. Piggly Wiggly denies the allegations contained in Paragraphs 119, 120 and 121 of the Complaint for lack of information sufficient to justify a belief in the truth thereof and reserves rights to amend or supplement its responses to any of those paragraphs.

27. Paragraphs 122, 123, 124, 125, 126, 127, 128 and 129 of the Complaint include allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. Piggly Wiggly responds to any allegations of fact involving them that may be included in the foregoing numbered paragraphs by admitting that: Epic Solutions provide marketing and advertising services, including photographs used in advertisements for Piggly Wiggly. Upon information and belief, Epic Solutions provides such print and advertising services to others. Piggly Wiggly otherwise denies any other allegations of fact included in the foregoing numbered paragraphs, denies any liability to Plaintiff and otherwise denies those paragraphs. Piggly Wiggly reserves its rights to amend or supplement its responses to any of those paragraphs.

28. In response to Paragraph 118 of the Complaint, Piggly Wiggly adopts and incorporate its responses to Paragraphs 1 through 117 of the Complaint as set forth above.

29. Piggly Wiggly denies the allegations contained in Paragraphs 119, 120 and 121 of the Complaint for lack of information sufficient to justify a belief in the truth thereof and reserves its rights to amend or supplement its responses to any of those paragraphs.

30. Paragraphs 122, 123, 124, 125, 126, 127, 128 and 129 of the Complaint include allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. Piggly Wiggly responds to any allegations of fact involving them that may be included in the

foregoing numbered paragraphs by admitting that: Epic Solutions provide marketing and advertising services, including photographs used in advertisements for Piggly Wiggly. Upon information and belief, Epic Solutions provides such print and advertising services to others. Piggly Wiggly otherwise denies any other allegations of fact included in the foregoing numbered paragraphs, denies any liability to Plaintiff and otherwise denies those paragraphs. Piggly Wiggly reserves its rights to amend or supplement its responses to any of those paragraphs.

31. In response to Paragraph 130 of the Complaint, Piggly Wiggly adopts and incorporate its responses to Paragraphs 1 through 129 of the Complaint as set forth above.

32. Paragraphs 131, 132, 134, 135, 136, 137, 138, 139 and 140 of the Complaint include allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. Piggly Wiggly responds to any allegations of fact involving them that may be included in the foregoing numbered paragraphs by admitting that: Epic Solutions provide marketing and advertising services, including photographs used in advertisements for Piggly Wiggly. Upon information and belief, Epic Solutions provides such print and advertising services to others. Piggly Wiggly otherwise denies any other allegations of fact included in the foregoing numbered paragraphs, denies any liability to Plaintiff and otherwise denies those paragraphs. Piggly Wiggly reserves its rights to amend or supplement its responses to any of those paragraphs.

33. In response to Paragraph 141 of the Complaint, Piggly Wiggly adopts and incorporate its responses to Paragraphs 1 through 140 of the Complaint as set forth above.

34. Paragraphs 142 through 181 of the Complaint include allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. Piggly Wiggly responds to any allegations of fact involving them that may be included in the foregoing numbered paragraphs by admitting that: Epic Solutions provide marketing and advertising services, including

photographs used in advertisements for Piggly Wiggly. Upon information and belief, Epic Solutions provides such print and advertising services to other Defendants, Piggly Wiggly otherwise denies any other allegations of fact included in the foregoing numbered paragraphs, denies any liability to Plaintiff and otherwise denies those paragraphs. Piggly Wiggly reserves its rights to amend or supplement its responses to any of those paragraphs.

35. In response to Paragraph 182 of the Complaint, Piggly Wiggly adopts and incorporate its responses to Paragraphs 1 through 181 of the Complaint as set forth above.

36. Paragraphs 183 through 196 of the Complaint include allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. Piggly Wiggly responds to any allegations of fact involving them that may be included in the foregoing numbered paragraphs by admitting that Epic Solutions provide marketing and advertising services, including photographs used in advertisements for Piggly Wiggly. Upon information and belief, Epic Solutions provides such print and advertising services to others, Piggly Wiggly otherwise denies any other allegations of fact included in the foregoing numbered paragraphs, denies any liability to Plaintiff and otherwise denies those paragraphs. Piggly Wiggly reserves its rights to amend or supplement its responses to any of those paragraphs.

37. In response to Paragraph 197 of the Complaint, Piggly Wiggly adopts and incorporates its responses to Paragraphs 1 through 196 of the Complaint as set forth above.

38. Piggly Wiggly denies the allegations contained in Paragraphs 198, 199 and 200 of the Complaint for lack of information sufficient to justify a belief in the truth thereof.

39. Paragraphs 201 through 213 of the Complaint include allegations, conclusions or statements of law to which no response is required by Piggly Wiggly. Piggly Wiggly responds to any allegations of fact concerning Piggly Wiggly that may be included in the foregoing numbered

paragraphs by admitting that Epic Solutions provides marketing, print and advertising services, including photographs used in advertisements for Piggly Wiggly. Upon information and belief, Epic Solutions provides such print and advertising services to others. Piggly Wiggly otherwise denies any other allegations of fact included in the foregoing numbered paragraphs, denies any liability to Plaintiff and otherwise denies those paragraphs. Piggly Wiggly reserves its rights to amend or supplement its responses to any of those paragraphs.

40. Piggly Wiggly denies the prayer and any allegations of any other numbered, unnumbered or other paragraphs of the Complaint.

41. Any allegation in the Complaint not specifically admitted herein is denied.

42. Piggly Wiggly is entitled to, and hereby requests, a trial by jury.

## AFFIRMATIVE DEFENSES AND OTHER RESPONSES

Piggly Wiggly asserts and sets forth the following affirmative defenses and additional responses to the Complaint.

## FIRST DEFENSE

Plaintiff Prepared Food's claims are barred, in whole or in part, on the grounds that the photographs and other material described in Plaintiff's Complaint are not subject to any copyright or other protections under any applicable law.

## SECOND DEFENSE

Plaintiff Prepared Food is barred and/or estopped from seeking and/or obtaining relief from Piggly Wiggly because Piggly Wiggly's conduct was at all times reasonable, proper, in good faith and in compliance with applicable law.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent Plaintiff is unable to carry or establish its burden

of proof and demonstrate and prove that Plaintiff has a copyright under applicable law with respect to the matters alleged or described in the Complaint, which Piggly Wiggly denies and disputes.

### FOURTH DEFENSE

Plaintiff's claims for damages and any other relief alleged or described in the Complaint are barred, in whole or alternatively in part, by the fair use doctrine.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or alternately in part, because any alleged damages, losses or injuries described in the Complaint are speculative and/or indeterminable because of the impossibility of ascertaining the facts and extent of any such alleged damages, losses or injuries.

### SIXTH DEFENSE

Plaintiff's claims for any damages, injuries or losses described in the Complaint are barred, in whole or alternatively in part, to the extent that all or any part thereof are based on alleged acts, conduct or statements that are specifically allowed or permitted by law.

### SEVENTH DEFENSE

Upon information and belief, Piggly Wiggly avers that all or alternatively part of any photographs described or alleged in the Complaint are matters of public domain and whose use and dissemination is not prohibited or limited by any applicable law.

### EIGHTH DEFENSE

Piggly Wiggly did not engage in any willful, intentional, unlawful or similar conduct in connection with the allegations set forth in the Complaint.

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that any registration allegedly applicable to and/or covering any photograph at issue is invalid and/or unenforceable.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to comply with registration, deposit and other necessary formalities under the Copyright Act or any other applicable law.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that any use of the photographs was by license and/or implied license based on course of dealing or was otherwise authorized, permitted and/or contemplated.

## TWELFTH DEFENSE

Plaintiff has no standing or right to assert, request or obtain any injunctive relief against Piggly Wiggly because any alleged use of any photographs described in the Complaint either did not occur or alternatively has ceased. Accordingly, there is no risk of any future breaches for any alleged infringement or other similar acts or conduct on the part of Piggly Wiggly and Plaintiff accordingly has no justiciable right or basis at law to assert, request or obtain injunctive relief against Piggly Wiggly or any other defendant.

## THIRTEENTH DEFENSE

Piggly Wiggly did not breach any contractual or other legal duty or obligation allegedly owed or alternatively due to Plaintiff or to any other individual or entity in connection with the allegations in the Complaint.

## FOURTEENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Piggly Wiggly or any other defendant.

**FIFTEENTH DEFENSE**

Piggly Wiggly is entitled to a credit or offset for any payments or other consideration that Plaintiff may have received to date as well as any payments or other consideration that Plaintiff may receive or befit from in the future be made by or on behalf of Piggly Wiggly or by any other party in favor of Plaintiff in connection with the allegations in the Complaint.

**SIXTEENTH DEFENSE**

Plaintiff's claims are alternatively barred or limited by the doctrines of waiver, estoppel, unclean hands and/or laches by reason of Plaintiff's actions, conduct, errors, omissions, representations and/or statements in connection with the matters set forth in the Complaint.

**SEVENTEENTH DEFENSE**

Plaintiff's claims for damages, losses, injuries and any other relief are barred, or alternatively reduced, by the doctrine of avoidable consequences.

**EIGHTEENTH DEFENSE**

Upon information and belief, Piggly Wiggly alleges that Plaintiff has failed to take responsible steps to mitigate against all, or alternatively, some of its damages.

**NINETEENTH DEFENSE**

Alternatively, any damages, losses, injuries or other relief that may be sought or recoverable by Plaintiff should be barred or alternatively reduced by the percentage of fault, negligence and /or breach of duties on the part of any person whose acts, conduct, errors or omissions caused or contributed to the damages, losses or relief sought herein, including but not limited to any fault, negligence and/or breach of duty on the party of Plaintiff and/or any other entity not named as a defendant in Plaintiff's Complaint.

**TWENTIETH DEFENSE**

Piggly Wiggly affirmatively pleads that to the extent Plaintiff may be able to prove any damages, which is denied, such damages were proximately or predominantly caused or sustained because of intervening and/or superseding acts, negligence and/or fault of Plaintiff or other third parties over whom Piggly Wiggly had no right of control, and/or breach of duty on the part of Plaintiff, and/or any other entity or individual not named as a defendant in Plaintiff's Complaint.

**TWENTY-FIRST DEFENSE**

Any damages, losses or other relief alleged described in the Complaint, if any, were caused by parties or non-parties for whose actions, conduct, fault, negligence and/or omissions Piggly Wiggly is not responsible nor liable, whether in whole or in part.

**TWENTY-SECOND DEFENSE**

Piggly Wiggly alternatively asserts all rights to indemnity, contribution and/or offset against or with respect to any other entity or individual not named as a defendant in Plaintiff's Complaint.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims against Piggly Wiggly are barred by the statutes of limitations, prescription, peremption and/or repose under any applicable law.

**TWENTY-FOURTH DEFENSE**

Alternatively, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege, and has not suffered, any cognizable or recoverable damages or injury in connection with the matters described in the Complaint.

**TWENTY-FIFTH DEFENSE**

The Complaint fails to state a claim or cause of action upon which relief can be granted against Piggly Wiggly, as Piggly Wiggly had no role in the marketing and advertising work it engaged Epic Solutions to perform for it.

**TWENTY-SIXTH DEFENSE**

Piggly Wiggly affirmatively asserts any other matter constituting avoidance or affirmative defense under applicable law. Piggly Wiggly' reserves the right to assert additional defenses that may be revealed or become applicable during further investigation and discovery in this action and thus reserves the right to amend its answer to assert any such defenses.

**WHEREFORE**, Piggly Wiggly South Opelousas, LLC, Defendant, prays that its answer be deemed good and sufficient, and that after due proceedings, and after due proceedings that there be judgment in Piggly Wiggly's favor, dismissing Prepared Food's claims against Piggly Wiggly at Prepared Food's sole cost and further requests that the Court grant all other general or equitable relief.

Respectfully submitted,

*s/Karen E. Futch*

**GEORGE D. FAGAN, T.A. (#14260)**
**KAREN E. FUTCH (#31164)**
**Leake & Andersson LLP**
1100 Poydras, Suite 1700
New Orleans, Louisiana 70163-1701
Main:  504-585-7500
Direct: 504-585-7612
Fax:    504-585-7775
Email: *gfagan@leakeandersson.com*
           *kfutch@leakeandersson.com*

***Attorneys for Defendant,***
***Piggly Wiggly South Opelousas, LLC***

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading has been delivered to all counsel of record on **April 18, 2022**, by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

                                             *s/Karen E. Futch*
                                             KAREN E. FUTCH