UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PREPARED FOOD PHOTOS INC** | **CIV. ACTION NO. 3:22-00037** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **EPIC SOLUTIONS L L C ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a motion for reconsideration [doc. # 113] filed by Plaintiff Prepared Food Photos Inc. The motion is opposed [doc. #115]. For the following reasons, the motion for reconsideration is GRANTED IN PART and DENIED IN PART.

## Background

Plaintiff Prepared Food Photos Inc. ("Plaintiff") filed the instant motion on November 20, 2023. M/Reconsideration [doc. #113]. The motion seeks reconsideration of two elements of this Court's October 31, 2023, order ("the October 31 Order") [doc. #111] concerning Plaintiff's August 24, 2023, motion for sanctions [doc. #94]: (a) findings regarding preservation of evidence and (b) productions relating to Defendant Epic Solutions LLC's ("Defendant Epic") customers. *Id.* Defendant Epic filed its opposition on December 11, 2023. Opposition to M/Reconsideration [doc. #115]. Plaintiff replied on December 18, 2023. Reply to Opposition to M/Reconsideration [doc. #116].

Briefing is complete. Accordingly, the motion is ripe.

1

**Discussion**

I. **Applicable Law**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments, *see, e.g.*, *Frew v. Young*, 992 F.3d 391, 397 (5th Cir. 2021) (finding Rule 59(e) "the proper procedural mechanism" to govern a motion for reconsideration of a final judgment or order), whereas Rule 54(b) allows revision of non-final orders.[1] FED. R. CIV. P. 54(b) (allowing that any order "that adjudicates fewer than all the claims . . . [among] all the parties . . . may be revised at any time before the entry of a [final] judgment."); *see also Frew*, 992 F.3d at 396 ("Rule 54(b) permits a district court to 'revise[]' at any time' an order that is *not final*."). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted).

Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)). Therefore, in determining whether to grant the motion, the

---

[1] An interlocutory order is "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [and] does not end the action as to any of the claims . . . ." FED. R. CIV. P. 54(b*); see also Moody v. Seaside Lanes*, 825 F.2d 81, 85 (5th Cir. 1987) ("[I]n ordinary civil cases, for a decision or order entered in a proceeding to be final, it must generally be one that ends the litigation . . . and leaves nothing for the court to do but execute the judgment." (quotations omitted)). An order ruling on a motion for sanctions is interlocutory.

Court evaluates whether (a) there are manifest errors of law or fact upon which judgment is based; (b) new evidence is available; (c) there is a need to prevent manifest injustice; or (d) there has been an intervening change in controlling law.  *HBM Interests*, 2013 WL 3893989, at *1.

## II. Analysis

*a.   Preservation of Evidence*

Plaintiff's first request is for excision of statements that may be interpreted to find that Plaintiff facilitated or condoned Defendant Epic's evidence preservation practices. Memorandum in Support of M/Reconsideration [doc. #113-1, pp. 5-9].[2]  In support of this request, Plaintiff argues that these findings may preclude it from "pursuing a spoliation motion later in this case at the appropriate time." *Id.* at p. 5.

Upon review and consideration of the October 31 Order and the parties' briefings on the instant motion, the undersigned appreciates Plaintiff's concerns regarding potential prejudice to putative future motions.[3]  To resolve this, the October 31 Order is amended to exclude the following paragraph:

> Plaintiff points to documents from November 25, 2019, M. Higbee Letter [doc. #62-17], and July 28, 2020, M. Higbee Email [doc. #62-19], as evidence that Defendant Epic was on notice of potential litigation.  However, Plaintiffs actions were at odds with its words.  The Malone Affidavit indicates that Defendant Epic was taking affirmative steps to satisfy Plaintiff's demand and avert litigation prior to filing the instant action.  These steps involved a purging of potentially infringing images that was clearly sanctioned by Plaintiff due to its involvement in providing materials to facilitate the process.  This all occurred after Plaintiff purports to have put Defendants on notice regarding potential litigation.  It is baffling that Plaintiff would facilitate Defendant Epic in deleting photos prior to litigation and then complain of the same conduct when it became advantageous to do so.  Plaintiff's actions as described in the Malone Affidavit clearly evidence its support of deleting

---

[2] Plaintiff has not requested reconsideration of the nature or scope of productions of responsive photographs that the October 31 Order directed Defendant Epic to make.

[3] The undersigned expresses no opinion as to whether such a motion would be successful, only that it was not the intent of the Court to prevent Plaintiff from making a spoliation argument.

3

potentially infringing images; Plaintiff will have to abide by its own course of action. On the current record, the undersigned is satisfied that photographs deleted prior to January 2021 were destroyed in the ordinary course of business and if they were destroyed otherwise, such conduct had Plaintiff's implicit blessing.

This amendment does not alter any other findings or conclusions in the October 31 Order.

*b.   Client Information*

Plaintiff's second request is that Defendant Epic be ordered to make further productions of "documents concerning [its] other out-of-state grocery store customers who are not defendants" in the instant case. Memorandum in Support of M/Reconsideration [doc. #113-1, pp. 9-10]. Upon review and consideration of the record and briefings on the instant motion, the undersigned finds that it would be improper to revise the October 13 Order to require further productions concerning Defendant Epic's customers at this time. The rationale presented in the October 13 Order is sufficient to explain the scope and nature of the relevant findings and remedies; there are no manifest errors of fact or law therein, nor would revision of that order prevent manifest injustice.

## Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for reconsideration [doc. #113] is **GRANTED** to the extent it seeks deletion of certain language concerning preservation of evidence and is otherwise **DENIED**.

In Chambers, at Monroe, Louisiana, on this 8th day of January, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

4