UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PREPARED FOOD PHOTOS INC** | **CIV. ACTION NO. 3:22-00037** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **EPIC SOLUTIONS L L C ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

The undersigned previously held a discovery conference on January 25, 2024, to resolve some of the parties' outstanding issues. Any rulings during that conference were set forth in the Minutes of Proceeding [doc. #120].

I had limited the discovery conference to two hours, and that time period expired before all issues could be addressed. However, I asked the parties to raise any other items that remained of particular concern to them. Counsel for Plaintiff Prepared Foods Photos, Inc. ("Prepared Foods") raised a concern about Defendants' compliance with its Second Request for Production of Documents. Counsel for Defendants raised concerns about the location of the corporate depositions to be conducted and document analysis by a third-party vendor. I advised counsel I would take these issues under advisement and issue a separate order. Additionally, I advised counsel to try to resolve the remaining issues and to reach out if they could not do so and needed another discovery conference.

As of this date, a further conference has not been requested, but I have also not been advised that all issues have been resolved. Therefore, I issue this Memorandum Order in an attempt to address those issues that were identified as being of particular concern.

**Prepared Foods' Second Request for Production of Documents**

First, with regard to the Second Requests for Production of Documents propounded by Prepared Foods to Defendants, Prepared Foods seeks production of communications between (1) Epic and non-party grocers concerning both the previously identified Photographs at issue or any advertisements created by Epic including photos from their infringing library; (2) any agreements related to any purported licensing of the previously identified Photographs by Epic; (3) documents evidencing which of the previously identified Photographs were provided to which non-party grocers, when, and how (including whether any authorship, ownership, or other copyright management information was transmitted or conveyed with the photos); and (4) documents showing Epic's revenue and profits earned, both directly and indirectly, from its use and distribution of the Photographs to any of Epic's clients, including but not limited to Epic's revenue from each of the non-party grocers.

Epic responds that many of these requested documents do not exist, there are no documents responsive to the request, or the requests are overbroad and thus objectionable. Epic further responds that Prepared Foods has previously sought the identity and address, of each of Epic's clients not named in this litigation, along with wholesale production of documents regarding same, and these requests have been denied by the Court. Prepared Foods now attempts to obtain any photographs, documents, advertising or communications regarding Vowell's Cashsaver, which is not a named party in this litigation. In addition, Prepared Food seeks discovery of photographs, communications, documents, financial information, or advertising between Epic and any other non-party grocery client of Epic, regarding any photographs, including any of the Photographs which are the subject of this lawsuit.

Epic advises that it routinely deletes all advertising after one year. Prepared Foods sent infringement letters dated April 23, 2021, advising that the alleged infringement began in January or February 2021 as to the named Grocer Defendants. However, this lawsuit was filed on January 5, 2022, Epic's remaining clients were not mentioned in the letters sent in 2021, nor subsequently named as Defendants, and, therefore, Epic advises that it has no responsive documents. While Epic did search its photo libraries for any possible infringement, it did not save advertising material for clients not named in this lawsuit.

Finally, Prepared Food seeks documents and communications related to Epic's alleged search and comparison of Ad-Life's photo library in 2020. Epic maintains that these documents and communications, are not relevant nor reasonably related to this litigation. That search dealt with a different company, Ad-Life, and different photographs than the Photographs identified in this lawsuit. Epic has stated previously it does not retain copies of documents dating this far back, even if these documents were found to be responsive.

Having considered the parties' positions and arguments, the undersigned finds that the majority of these requests are the same types of previous requests that I found were either not relevant or, if marginally relevant, not proportional to the needs of the case. Prepared Foods has brought suit against Epic and the named Grocer Defendants for a specific infringement period, and Prepared Foods is not entitled to use discovery in this matter to pursue a fishing expedition for possible claims against other possible Defendants. The undersigned does find that documents showing Epic's revenue and profits earned, both directly and indirectly, from its use and distribution of the subject Photographs to any of Epic's clients, including non-party grocers, would be relevant to Prepared Foods claims against Epic. However, I have already ordered Epic to produce certain financial documents which should address this concern. Accordingly,

IT IS ORDERED that Prepared Foods' motion to compel the above-identified information and documents is DENIED.

**Location and Holding of Depositions**

Prepared Foods seeks to hold depositions in late February 2024, prior to the March 29, 2024 deadline to amend pleadings, but contends that Defendants have sought to "needlessly delay" this process with personal time off and Mardi Gras parades.

Defendants respond that the parties had a tentative deal to hold depositions in the location the deponents are based, but Prepared Foods now wants to have all depositions occur in New Orleans.

First, as a general proposition, this is not an issue that the Court should truly have to step in to resolve. The parties should work this out among themselves. To the extent that Prepared Foods has made some aspersions as the legitimacy of excuses related to the Mardi Gras season in New Orleans, I would observe that travel, accommodations, and the ability to move between locations and in the city itself is quite limited, depending on the time of the day and the parade schedule, particularly as the day of Mardi Gras approaches.[1]

Second, to the extent that Prepared Foods is concerned about holding these depositions prior to the March 29 deadline to amend, the Court would certainly consider an extension of the deadline if the depositions cannot be conducted prior to that deadline, particularly when there are some months left until the close of discovery.

Finally, the Court favors minimizing travel for deponents and would strongly favor holding depositions where deponents are based if asked to issue an order on this point.

---

[1] If the depositions were held in Monroe, no such logistical issues would be encountered with regard to Mardi Gras, but this location is not ideal for air travel.

Certainly, to avoid unnecessary travel, if there are deponents located within a relatively short distance of New Orleans or from each other, the undersigned would recommend that multiple depositions might take place in one location, but this is not an insurmountable problem requiring court intervention.  Similarly, as was mentioned during the conference, if document inspections are necessary, it may be more feasible to hold the depositions at or near the location of the documents.  Counsel should confer again and try to resolve the location and timing of depositions prior to seeking further court intervention.

      MONROE, LOUISIANA, this 7th day of February, 2024.

                                          KAYLA DYE MCCLUSKY
                                          MAGISTRATE JUDGE