UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PREPARED FOOD PHOTOS, INC.** | **NO. 3:22-cv-37-TAD-KDM** |
| **VERSUS** | **CIVIL ACTION** |
| **EPIC SOLUTIONS, LLC, ET AL.** | **JUDGE DOUGHTY**<br>**MAGISTRATE JUDGE MCCLUSKY**<br>**JURY TRIAL DEMANDED** |

## MEMORANDUM ORDER

Pending before the undersigned is Defendant Piggly Wiggly South Opelousas, LLC's ex parte Emergency Motion to Quash Plaintiff's Notice of Deposition and for Protective Order [doc. #131]. The motion is accompanied by a Notice of Deposition [doc. #132] purporting to notice the deposition of Logan Doucet in her "capacity as office manager, officer, and/or employee of" Piggy Wiggly.

However, in its motion, Piggy Wiggly indicates that Ms. Doucet is not, in fact, a manager, officer, or employee of Piggly Wiggly, but is rather a part-time contractor who performs accounts payable and receivable functions for Piggly Wiggly. [doc. #131, p. 2]. It appears undisputed that she is not a party to this lawsuit.

Rule 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). The rule itself does not define "reasonable written notice," but courts routinely find that at least ten days is required. *See Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.,* No. 3:22-CV-1944-G (BT), 2023 WL 9181587, at *2–3 (N.D. Tex. June 14, 2023) (citing cases). In this case, it appears that Plaintiff Prepared Food Photos, Inc. ("Prepared Food") met the ten-day requirement.

Under Rule 30(a)(1), a party may depose "any person, including a party, without leave of court except as provided in Rule 30(a)(2)," and "[t]he deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). Although not expressly provided in the rule, a party is not required to subpoena a party or an officer, director, or managing agent of a party. *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (court may order sanctions if "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition.").

However, if a party wishes to depose a witness, even an employee witnesses, the party must serve the witness with a subpoena pursuant to Federal Rule of Civil Procedure 45 unless the non-party witness consents to having her deposition taken by notice alone. *See Cloud v. Cumulus Media New Holdings, Inc.,* No. 3:22-CV-1673-N, 2023 WL 2700722, at *1 (N.D. Tex. Mar. 29, 2023) ("Employees of corporate defendants who are not officers, directors, or managing agents are not considered parties and are thus 'not subject to deposition by notice. Rather, the employee is treated as any other non-party,' and 'before being compelled to testify, he or she must be served with a subpoena pursuant to [Rule 45].'") (quoting K*arakis v. Foreva Jens Inc.*, 2009 WL 113456, at *1 (S.D. Fla. 2009) (collecting cases)).

In this case, the undersigned is presented only with a notice, not a subpoena. Nothing in the record suggest that Ms. Doucet has consented to be deposed. Therefore,

**IT IS HEREBY ORDERED THAT** Piggly Wiggly's motion for a protective order is **GRANTED**, and the deposition of Logan Doucet will not proceed on April 10, 2024.

**IT IS FURTHER ORDERED** that the motion to quash is **DENIED** as no subpoena has apparently been served on Ms. Doucet, and she could simply have chosen not to appear on the basis of the notice alone.

**IT IS FURTHER ORDERED** that the deposition of Ms. Doucet may be re-scheduled for a later date, time and location agreed upon by Prepared Foods, the witness, and Piggly Wiggly. The undersigned recognizes the desire of the parties to conduct as many depositions as possible while Plaintiff's counsel is physically located in Louisiana. The parties and Ms. Doucet may certainly try to reach agreement on another date, time, and/or location, but the undersigned suggests that Ms. Doucet's deposition may be taken over zoom if it would serve to avoid unnecessary travel costs for counsel.

Monroe, Louisiana, this 9th day of April, 2024.

_____
**KAYLA D. MCCLUSKY**
**UNITED STATES MAGISTRATE JUDGE**