UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| Prepared Food Photos, Inc., <br> *plaintiff,* <br> versus <br> Epic Solutions, LLC, et al., <br> *defendants.* | No. 3:22-cv-37-TAD-KDM <br> Judge Terry A. Doughty <br> Magistrate Judge Kayla D. McClusky |

**DEFENDANT EPIC SOLUTIONS, LLC'S**
**SUR-REPLY IN SUPPORT OF ITS OPPOSITION**
**TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Epic Solutions, LLC ("Epic") respectfully seeks leave to file this Sur-Reply, for good cause shown, in response to Plaintiff's Reply in Support of their Motion to Compel against Defendant Epic. *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020). Specifically, new information has been developed since the filing of Defendant's opposition and Defendant seeks to correct at least some of Plaintiff's more egregious misstatements, Additionally, Plaintiff's counsel has continually used lengthy Declarations to provide improper argument and hearsay in an effort to avoid the twenty-five-page limit.

As an initial matter, since the filing of Plaintiff's Corrected First Amended Complaint on May 23, 2024 (R. Doc. 154) and Defendant Epic's Opposition to Plaintiff's Motion to Compel (R. Docs. 167 and 171) on May 29th and 30th, 2024, good cause and extraordinary circumstances have developed which warrant the filing of a sur-reply. *Id.* at 360. Previously, Epic has represented it could not provide the source of each of the photographs at issue in this litigation. (R. Doc. 134-19, Paras. 9-11.) This representation was also made in the opposition to the Motion to Compel.

However, in reviewing Plaintiff's new alleged infringements, Epic has identified at least one photograph source which Epic licensed from Can Stock Photos. This photograph is contained at Exhibit 31, being titled "CornButterSugar0110_ADL". Epic obtained this photograph through a valid subscription with Can Stock Photos, and on June 6, 2024, Epic located and produced to Plaintiff invoices, emails and the end user subscription agreement, all evidencing Epic's relationship with Can Stock Photos. Epic 8069-8121.

Epic acknowledges that the Corrected First Amended Complaint was filed before Epic's opposition was due. However, the process for Epic to review the new alleged infringements is time consuming, as it is performed manually in addition to Epic's full-time work. Epic has been diligently reviewing all the infringements, with focus on the new infringements, to determine if Can Stock Photos (or any of their various subscription services) might be the source of many of the other photographs involved in this litigation. However, it is anticipated that this process will not be completed until late next week.

Since the filing of Epic's opposition, Epic has continued to produce documents responsive to discovery requests, producing invoices from 2018-2022 between Epic and Defendant Mac's on June 6, 2024. Epic's investigation confirms that there are no formal written agreements between itself and AWG. Because there have never been any formal written agreements between those two entities, there is nothing to produce.

Plaintiff erroneously asserts that Epic claimed it received all of PFP's photographs from Multi-Ad. (R. Doc. 174-7). This is untrue and Epic has identified on numerous occasions, via Rick Malone's affidavits, the multiple subscription services it uses for its photographs. (R. Docs. 134-19, Paras. 9-11 and 140-3, para. 12 and 22). Plaintiff continues to argue that Epic claims to have destroyed its previous library. (R. Doc. 174-8). Epic has consistently maintained that it started a

new library of grocery images in early 2022 to prevent any new infringement claims but it has never claimed to have intentionally destroyed its previous library, despite Plaintiff's repeated attempts to suggest otherwise. (R. Doc. 140-3, para.27).

Plaintiff continues to suggest it is entitled to documents to present day, based upon the assertions of new infringements in 2023 and 2024 contained within Plaintiff's Corrected First Amended Complaint. (R. Docs. 154 and 174-8). However, as noted above, Epic is continuing to investigate those claims and that the Amended Complaint is still pending approval before this Court. Epic asserts that at least one alleged infringement is sourced from a valid license from Can Stock Photo. In addition, it appears that some of the other alleged new infringements are from entities which have no connection to any named Defendant, including Epic, which requires additional investigation.

Epic is continuing to produce relevant documents, though it has serious and genuine concerns regarding production of documents which will require it to reveal trade secrets pertinent to its business model. In the past Plaintiff has maintained that it is not a direct competitor of Epic. Recently, an employee of Epic discovered that in January 2023, Bad-Adz, Inc. filed articles of conversion in the state of Florida, identifying Joel Albrizio as its president (Exhibit A). A review of Bad-Adz, Inc. online profile suggests that it provides nearly identical print, email and social media services to that of Epic (Exhibit B). While Epic acknowledges there is a current protective order in place, documents disclosed in discovery suggest that Plaintiff has been accused of improper behavior in the past. PFP 6680-6683. Epic does not believe Plaintiff's current counsel would violate the protective order. However, Epic remains gravely concerned based upon Plaintiff's conduct, including the conduct of Plaintiff's previous counsel that the protective order may prove insufficient to protect Epic's confidential information. See *Adlife Mktg. & Commc'ns*

*Co., Inc. v. Buckingham Bros.*, LLC, No. 519CV0796LEKCFH, 2020 WL 4795287, at *1 (N.D.N.Y. Aug. 18, 2020); See also *Adlife Mktg. & Commc'ns Co., Inc. v. Karns Prime & Fancy Food, Ltd*., No. 21-2074, 2023 WL 179840, at *1 (3d Cir. Jan. 13, 2023)("In 2020, a court noted 'Adlife's continued use of an attorney who has little respect or knowledge of local procedures, violates court orders, lies under oath, and is continuously sanctioned for frivolous lawsuits,' citing cases where Liebowitz represented Adlife dating back to 2018."))(quoting *Buckingham Bros, L.L.C.,* at *26)).

Respectfully submitted:

*s/ Karen E. Futch*

**GEORGE D. FAGAN (#14260)**
**ALEX P. TILLING (#29686)**
**KAREN E. FUTCH (#31164)**
**WALTER F. WOLF (#21953)**
**Leake & Andersson LLP**
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163
Main:  (504) 585-7500
Fax:  (504) 585-7775
Email: *gfagan@leakeandersson.com*
*atilling@leakeandersson.com*
*kfutch@leakeandersson.com*
*wwolf@leakeandersson.com*

***Attorneys for Defendant, Epic Solutions***