UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**PREPARED FOOD PHOTOS INC**     CASE NO.  3:22-CV-00037

**VERSUS**     **JUDGE TERRY A. DOUGHTY**

**EPIC SOLUTIONS LLC ET AL**     **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Before the Court is a Motion for Partial Summary Judgment (R. Doc. 143) filed by Adrien's Supermarket, Inc. ("Defendant Adrien's"), McDaniel Food Management and its affiliates ("Defendant Mac's"), Piggly Wiggly South Opelousas ("Defendant Piggly Wiggly"), Sullivan's Inc. Grocery ("Defendant Sullivan's") (collectively, "Defendant Grocers"), and Epic Solutions LLC and its affiliates ("Defendant Epic") (collectively, "Defendants").  The plaintiff, Prepared Food Photos Inc. ("Plaintiff") filed a Cross-Motion for Partial Summary Judgment (R. Doc. 177) in response.  Defendants filed a Reply (R. Doc. 193) in support of their original motion, and an Opposition (R. Doc. 202) to Plaintiff's cross-motion.  Plaintiff filed a Reply (R. Doc. 204) in support of its cross-motion.

After careful consideration of the parties' memoranda and the applicable law, Defendants' Motion is **DENIED**, and Plaintiff's Cross-Motion is **DENIED.**

**I.     BACKGROUND**

This case stems from Defendants' alleged infringement of Plaintiff's copyrights.[1]  Plaintiff is the copyright holder of a vast number of photographs of food.[2]  Defendant Epic is a marketing

---

[1] R. Doc. 190 at 1.  While the instant Ruling was being drafted, Plaintiff was granted leave to amend its Complaint with Defendants' consent.  *See* R. Doc. 221.  This amendment affects neither the outcome of these motions, nor the factual background here.  *See* R. Doc. 222.  So, we keep our record citations to the First Amended Complaint.
[2] R. Doc. 190 at 7–8.

company that services Defendant Grocers.[3]  Defendant Grocers are grocery stores that utilize photographs of food (including photographs that they allegedly acquired from Defendant Epic) in their weekly advertisements.[4]  Plaintiff contends that at least some of these photographs used by Defendant Grocers and supplied by Defendant Epic, are subject to Plaintiff's copyrights, and that Defendant Grocers nor Defendant Epic have permission to use such photographs.[5]  Accordingly, Plaintiff charges that Defendants are liable to it for infringing its copyrights.[6]

Defendants filed a Motion for Partial Summary Judgment *and Other Relief* (R. Doc. 143) seeking our adjudgment that Plaintiff is prohibited from recovering statutory penalties or attorney's fees in this action.[7]  Defendants cite 17 U.S.C. § 412 and caselaw interpreting the same for the proposition that in order for an author (or other owner) to collect statutory penalties and attorney's fees for an infringement, the copyrighted work must be registered within three months of publication.[8]  Accordingly, Defendants contend that Plaintiff's registrations "9 to 20 plus years" following the first publication of its photographs preclude it from seeking statutory penalties and attorney's fees.[9]

Plaintiff filed a Cross-Motion for Partial Summary Judgment (R. Doc. 177) in opposition to Defendants' Motion, contending that no infringements occurred prior to Plaintiff's registration of its copyrights, and thus, that 17 U.S.C. § 412 does not apply.[10]  Plaintiff avers that, according the present record, Defendants' infringement began no earlier than November 2018, whereas its

---

[3] *Id.* at 5.
[4] *Id*. at 24–29.
[5] *See id.* It is further alleged that Epic, and thus Defendant Grocers, may have had the license to use these photographs in the past through an online photo library supplied by a non-party, but that such license expired on March 1, 2017. *See id.* at 19–22.  We explore this issue in greater detail below.
[6] *Id*. at 41–44.
[7] R. Doc. 143 at 1–2.
[8] *Id.* at 10–14.
[9] *Id*. at 8.
[10] R. Doc. 177-1 at 4.

registrations were effective no later than May 15, 2017, thus placing all of Defendants' alleged infringement *post*-registration, and thus susceptible to statutory penalties and attorney's fees.[11] Plaintiff further contends that only 13 of the 48 photographs at issue were not registered when the alleged licensing agreement that may have authorized Defendants' use of the photographs expired on March 1, 2017, thus placing—at the very least—the infringement of 35 photographs within the post-registration period susceptible to statutory penalties and attorney's fees.[12] Accordingly, Plaintiff seeks our summary adjudgment that it is entitled to elect statutory penalties and to recover attorney's fees.[13]

Defendants filed a Reply (R. Doc. 193) asserting that the alleged infringement occurred both pre- and post-registration.[14] Further, Defendants present the possibility that the photographs came to Defendant Epic by means other than its original license with Plaintiff—or even that the photographs could have been provided on an open-source or perpetual license basis.[15] Defendants maintain that Plaintiff should not be availed of statutory penalties and attorney's fees, but concede that there may be a genuine dispute of material fact as to when the infringement began.[16]

Defendants then filed an Opposition (R. Doc. 202) to Plaintiff's Cross-Motion. Like their Reply, but more so, their brief retreats from the hill that summary judgment in their favor is appropriate.[17] Instead, Defendants now offer that "the significant passage of time[18] between

---

[11] *Id.* at 6–7.
[12] *See id.* at 6–20.
[13] *Id.* at 20.
[14] R. Doc. 193 at 1.
[15] *See id.* at 2–6.
[16] *Id.* at 3, 7.
[17] R. Doc. 202 at 2–4.
[18] In the words of our Vice President, but perhaps not here, "there is great significance to the passage of time."

creation and registration of these photos may not bear directly on the damages potentially available to Prepared Food[.]"[19]  Accordingly, Defendants seek denial of the Cross-Motion.[20]

Last, Plaintiff filed a Reply (R. Doc. 204) in support of its Cross-Motion.  The brief mostly responds to Defendants' Reply[21] regarding the open-source alternatives by which Defendants may have otherwise acquired the photographs; and while denying such disputes, the brief serves to make clear that genuine disputes are amok.[22]

## II.  LEGAL STANDARD

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant]."  *Id.* (internal quotations omitted). In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

---

[19] R. Doc. 202 at 2–3.
[20] *Id*. at 4.
[21] R. Doc. 204 at 3–7.
[22] *See id*. at 7.  Furthermore, Plaintiff cheaply quibbles with Defendants' failure to provide a separate statement of undisputed material facts in opposition to Plaintiff's cross-motion.  *Id.*  Such formal statements are no longer demanded by the Local Rules as of May 7, 2024.  *See* LR 56.2 (2024).  And while on the topic of our Local Rules, the Court also takes notice that—unlike Rule 56.2—our requirement of double-spaced briefs has not been removed or amended.  *See* LR 10.1.  Those who live in glass houses…

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

### III. ANALYSIS

The outcome of this motion (and cross-motion) turns entirely on the date by which Defendants first allegedly infringed Plaintiff's copyrights.[23] Plaintiff contends that it is entitled to elect statutory penalties and attorney's fees, whereas Defendants contend that such remedies are precluded.[24] Accordingly, Defendants' Motion seeks our adjudgment that no statutory penalties or attorney's fees may be awarded, and Plaintiff's Cross-Motion seeks our adjudgment of the opposite.[25] This analysis necessarily requires our fixing of the date that infringement commenced, which for the reasons below, we cannot do.

As a general matter, statutory penalties and attorney's fees may be sought in a copyright action. *See* 17 U.S.C. § 504(c). However, "[a] plaintiff cannot recover statutory damages, and sometimes more importantly, attorney's fees, for 'any infringement' a defendant commences before the plaintiff registered the copyright." *S. Credentialing Support Servs., L.L.C. v. Hammond*

---

[23] *See* R. Doc. 202 at 2–3; R. Doc. 204 at 3–4; and *generally*, R. Doc. 177-1.
[24] R. Doc. 177; R. Doc. 143.
[25] *Id.*

*Surgical Hosp., L.L.C.*, 946 F.3d 780, 782 (5th Cir. 2020) (citing 17 U.S.C. § 412). Defendants' initial contention appeared to be that a more-than-three-month delay in registering one's copyright broadly precluded statutory penalties and attorney's fees.[26] Unqualified, this is not the rule of § 412. While it is true that § 412 does not apply when "registration is made within three months after the first publication of the work"; we do not reach that provision unless the infringement occurred "before the effective date of [the infringed work's] registration*." See* 17 U.S.C. § 412*; cf. Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992). Accordingly, and sketchiness aside, Plaintiff's decades-long delay in registering its works is immaterial so long as Defendants' infringement began after registration. But we do not know here yet when infringement first began.

Beginning our hunt for an "infringement" "commence[ment]" date, Plaintiff is correct that if Defendants' use of the photographs was pursuant to a license, then that time period of use would be irrelevant to our determination of the infringement date—because such consensual use does not constitute infringement. *See Intellitech Corp. v. Inst. of Elec. & Elecs. Engineers, Inc.*, No. 16-CV-0009-SM, 2018 WL 2338794, at *14 (D.N.H. May 23, 2018) ("[I]f [Defendants] had a license . . . and [P]laintiff successfully revoked the license . . ., no infringement occurred prior to the [revocation]."). Despite Defendants' arguments on this point,[27] this scenario would not constitute "continuing infringement" occurring both pre- and post-registration, because the use prior to March 1, 2017, was apparently non-infringing. *See S. Credentialing,* 946 F.3d 780. However, the parties cannot even agree as to which license—beginning when—dictates the commencement of alleged infringement here; nor has either party submitted an indisputable timeline of the earliest use of each photograph by Defendants; nor has either party submitted conclusive evidence to show

---

[26] R. Doc. 143 at 1–2.
[27] R. Doc. 143-2 at 12–13.

from where—and through whom—Defendants ultimately sourced each photograph.[28] Plaintiff contends that the only possible source of the photographs was the non-party intermediary, Multi-Ad; that their license with Multi-Ad ended on March 1, 2017; and that the infringement began in November of 2018.[29] If this were true, statutory penalties and attorney's fees would be available on all photographs. Defendants contend instead that the alleged infringement predated the registration of at least some photographs, which, while denied by Plaintiff, is left open to possibility given that the undisputed Multi-Ad license termination date falls before the registration of some of the photographs.[30] This matters because, if the infringement began after the license terminated but before the thirteen[31] remaining photographs were registered, § 412 would bar recovery of statutory penalties and attorney's fees as to those photographs.[32]

Separate but perhaps even more consequential, Defendants further contend that a dispute exists as to whether the photographs here were solely acquired through Multi-Ad, and provide record evidence evincing that dispute.[33] If other agreements or rights do or did exist, our infringement analysis could not wholly rely on the March 1, 2017, termination date of the Multi-Ad agreement for fixing an infringement commencement date.[34] Unable to ascertain who used which photographs beginning when and sourced from whom, we cannot make a claim-specific determination as to the applicability of § 412 here. Accordingly, material issues of fact preclude summary judgment on both defendants' and plaintiff's respective motions regarding statutory damages and attorney's fees, and thus, both are **DENIED.**

---

[28] *See generally* R. Doc. 193; R. Doc. 202; and R. Doc. 204 (including their citations to the record or lack thereof).
[29] R. Doc. 177-1 at 9–20.
[30] *Compare* R. Doc. 143-2 at 7–8 *and* R. Doc. 193 at 2–3 *with* R. Doc. 177-1 at 5–6 (considering their citations to the record).
[31] *See* R. Doc. 177-1 at 7–8.
[32] *See* R. Doc. 177-1 at 5; R. Doc. 143-2 at 7–8.
[33] R. Doc. 193 at 1–6.
[34] *See ante* at 6.

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment (R. Doc. 143) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion for Partial Summary Judgment (R. Doc. 177) is **DENIED.**

MONROE, LOUISIANA, this 16th day of October, 2024.

Terry A. Doughty<br>United States District Judge