UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| Prepared Food Photos, Inc.<br><br>*plaintiff,*<br><br>versus<br><br>Epic Solutions, LLC, ET AL.,<br><br>*defendant.* | Civil Action No. 3:22-cv-00037<br><br>District Judge Terry A. Doughty<br><br>Magistrate Judge Kayla D. McClusky<br><br>**Jury Trial Demanded** |

### EPIC SOLUTIONS, LLC'S MEMORANDUM OPPOSING PLAINTIFF'S FOURTH MOTION TO COMPEL AND THIRD MOTION FOR SANCTIONS

Defendant Epic Solutions, LLC ("Epic" or "Defendant") hereby opposes the recent Fourth Motion to Compel and Third Motion for Sanctions (Rec. Doc. 250 and hereafter the "Motion") filed by Prepared Food Photos, Inc., plaintiff herein ("PFP" or "Plaintiff"). Epic respectfully submits that the responses and materials produced by Epic to date, including its most recent supplemental responses (attached hereto as Exhibit "A" with the portion containing financial materials filed under seal),[1] are more than sufficient to satisfy PFP's discovery needs and that any continued insistence upon additional discovery relating to the issues raised in PFP's Motion is unduly burdensome and harassing to Epic and would be significantly disproportionate to that which PFP should be reasonably entitled.[2]

---

[1] Wherein Epic has again undertaken to compile data that it does not track in the normal course of its business operations.

[2] As noted in Epic's Supplemental Answers to Plaintiff's Second Set of Interrogatories, Epic will produce additional records when it completes the recreation of EPIC-007725-7748 and will include similar transaction-by-transaction breakdowns similar to those included in its supplemental production that pertain to the INPECS; however, Epic respectfully submits that these efforts exceed PFP's reasonable discovery

## ARGUMENT

PFP sought supplemental and verified answers to PFP's Second Set of Interrogatories, which Epic has produced and attaches herewith as Exhibit "A." In the interest of brevity, Epic will not recite the entirety of its supplemental responses as part of this memorandum, instead incorporating same by reference herein. For summary purposes, Epic notes, however, that PFP's Second Set of Interrogatories sought the following: (1) "each and every document or item of data" that supports the document previously identified as "Exhibit G," and alternatively identified as Rec. Doc. 107-7, which was marked previous as PFP's Deposition Exhibit 9;[3] (2) "each and every document or item of data" that supports the documents previously identified as EPIC-007725-7748, which are profit and loss summaries pertaining to the Grocer Defendants;[4] and (3) "each and every document or item of data" that would support the creation of documents similar to EPIC-007725-7748 but instead relating to the INPECS.[5] Epic's Supplemental Answers to PFP's Second Set of Interrogatories address each of these inquiries as follows:

(1) **Exhibit G** – As Epic's Supplemental Response to Interrogatory No. 6 addresses in detail, there is simply nothing left to produce and nothing left for anyone to testify about as to Exhibit G. This was a document primarily prepared by Epic's certified

---

needs given that no evidence exists through which to causally connect any of Epic's profits to any alleged use of PFP's claimed images.

[3] See PFP's Second Set of Interrogatories, Interrogatory No. 6.

[4] See PFP's Second Set of Interrogatories, Interrogatory No. 7, and note that the "Grocer Defendants" refers to the grocery store customers of Epic that have been specifically named as co-defendants herein: Mac's, Adrien's, Sullivan's and Piggly Wiggly.

[5] See PFP's Second Set of Interrogatories, Interrogatory No. 8. The "INPECS are identified as Bill's Cash Saver, Naifeh's Cash Saver, Nacona Market Place LLC d/b/a Market Place Grocery, Triple V, Inc. d/b/a Vowell's and Teet's Food Store. The Second Set of Interrogatories also contained an Interrogatory No. 9 and No. 10, but those appear to seek information duplicative of Interrogatories Nos. 6, 7, and 8 as best Epic can tell.

public accountant, Ronald Brower, and Mr. Brower produced all documents in his possession upon which he relied in preparing the document. He was deposed at length concerning its creation, as was Epic's representatives.

(2) **EPIC-007725-7748** – As Epic's supplemental response to Interrogatory No. 7 makes plain, Epic has confirmed that it would not have been able to create this set of documents without Mr. Brower's assistance[6] and, given that Mr. Brower apparently did not retain any materials associated with the original creation of EPIC-007725-7748, Epic cannot say for sure what materials are responsive. Epic is currently in the process of recreating these documents, with Mr. Brower's assistance, and will include transaction-by-transaction reports for each line item as it completes the recreation. As Epic's supplemental response also notes these documents cannot simply be generated by running reports directly from Epic's QuickBooks account. Rather, they have to be created partially by running reports from QuickBooks and partially by manually entering data with Mr. Brower's assistance. While Mr. Brower did not recall his original role in creating EPIC-007725-7748, he has certainly recognized during the recreation process that his assistance to these documents' creation is essential. Epic will produce the recreated documents along with the supplemental materials upon their completion.

(3) **Summaries relating to the INPECs** – As Epic's supplemental response to Interrogatory No. 8 demonstrates, Epic was able to consult with Mr. Brower and

---

[6] Mr. Brower assisted in creating Epic's accounting system, for which Epic compensated Mr. Brower much more than the $500 he recalls collecting to prepare "Exhibit G."

complete the task of generating and compiling profit and loss summaries for each of the INPECs like the summaries previously produced for the Grocer Defendants and identified as EPIC-007725-7748. These summaries, which also required Mr. Brower's assistance, also include transaction-by-transaction breakdowns for each line item and incorporate all known responsive data relating to the INPECs during all relevant periods. Epic is not aware of any additional responsive materials that it could produce in response to this request.

(4) **Epic will supplement its response to Interrogatory No. 7** – As Epic's efforts to complete the summaries and materials in response to Interrogatory No. 7 is ongoing, Epic submits that it will supplement this response upon completion of those materials. As Epic states in its supplemental answers, Epic does not track the information sought by these requests in ordinary course of its business.

### A. *Further Production of Financial Materials Would be Unduly Burdensome and Disproportionate*

The materials and data Epic has provided in its supplemental production more than addresses the requests for further financial information identified by PFP's economic expert, Halle Matthews, in her report.[7] Ms. Matthews requested additional information concerning the profits and losses of the INPECS for purposes of updating the profits figure she identified in her report as a "starting point" for conducting a disgorgement analysis. Notably, Ms. Matthews advised that this "starting point" figure would still require an apportionment analysis before any amount of

---

[7] Attached to PFP's Motion as Exhibit 11.

Epic's profits could be reasonably attributed to any use of the Accused Infringing Copyrights.[8] Further, Ms. Matthews concedes that she is unaware of any evidence that would suggest that *any amount* of Epic's profits were derived from use of any Accused Infringing Copyrights.[9]

Indeed, no evidence exists to causally connect any of Epic's profits to any use of any specific images since Epic charges its customers the same amount for all advertising regardless of the amount or source of images (which themselves comprise only a small portion of the advertisements created) and the customers pay the same amounts regardless of the images used and have never offered or sought to pay more for use of any specific images. None of the information sought by PFP in its current motion will change that reality such that further efforts to insist on additional discovery are wholly disproportionate to the needs of this case.

### B. Redaction Log Regarding Invoices Would be Unduly Burdensome

To the extent that Epic was able to locate physical copies of invoices issued to its relevant customers and received from relevant vendors, it has produced those as part of its prior discovery efforts. Epic acknowledges that many of the vendor invoices produced were redacted and submits that those redactions were undertaken to omit identification of its customers who have not been named in this lawsuit, which Epic believes is consistent with this Court's determination that PFP could not use the discovery process to conduct a "fishing expedition," and to omit the names of its vendors (and the vendor's addresses) due to the sensitive nature of its vendor arrangements and its agreements not to disclose same. If required, Epic could endeavor to create a more detailed log of the redactions, which would state which pages contain vendor redactions vs. customer redactions

---

[8] Defined in Ms. Matthews' report as the 40 images at issue in this litigation.
[9] See, for example, Ms. Matthews' reports at P. 48, Paragraph 88.

or both; however, Epic respectfully submits that such efforts would be unduly burdensome given the lack of ultimate relevance these documents bear to any issue in dispute and in light of Epic supplemental production which is more than sufficient for Ms. Matthews to update her "starting point" figures.

### C. Answers to Third Set of Interrogatories Sufficient

In addition to its supplemental responses to PFP's Second Set of Interrogatories, Epic has provided supplemental responses to PFP's Third Set of Interrogatories (also attached hereto)[10], and both supplemental responses have been verified by Epic. As Epic's supplemental responses to the Third Interrogatories demonstrate, Epic has provided the most specific information that it can to PFP's discovery requests and is unaware of any further responsive information or material. Accordingly, Epic respectfully submits that this portion of PFP's motion is moot as well.

### CONCLUSION

As the foregoing demonstrates, Epic's discovery responses have provided PFP with sufficient responsive materials and PFP's Motion should be dismissed as moot.

Respectfully submitted,

*s/ Karen E. Futch*
_____
**GEORGE D. FAGAN, T.A. (#14260)**
**ALEX P. TILLING (#29686)**
**KAREN E. FUTCH (#31164)**
**Leake Andersson LLP**
1100 Poydras, Suite 1700
New Orleans, Louisiana 70163-1701
Tel: 504-585-7500 / Fax: 504-585-7775
Email: *gfagan@leakeandersson.com*

---

[10] See Exhibit "B."

*atilling@leakeandersson.com*
*kfutch@leakeandersson.com*

***Attorneys for Defendant, Epic Solutions, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record on **February 19, 2025**, by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

*s/ Karen E. Futch*
_____
Karen E. Futch