# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**PREPARED FOOD PHOTOS INC**           **CASE NO. 3:22-CV-00037**

**VERSUS**          **JUDGE TERRY A. DOUGHTY**

**EPIC SOLUTIONS L L C ET AL**          **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM ORDER

Pending before the Court is a Motion to File Exhibits Under Seal [Doc. No. 320] filed by Plaintiff, Prepared Food Phots, Inc., ("Plaintiff"). The Motion moves to seal, in their entirety, each of the exhibits that are labeled "Confidential Subject to Protective Order" issued by this Court in the above captioned matter on June 29, 2023.[1] For the following reasons, the Motion is **DENIED**.

This Court is generally strict on granting motions for leave to file sealed documents into the record. This Court has an independent obligation to keep judicial records open as "[t]he public's right of access to judicial records is a fundamental element of the law." *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022) (citing *Leopold v. United States (In Re Leopold to Unseal Certain Elec. Surveillance Application & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). The United States Court of Appeals for the Fifth Circuit detailed in the case of *Binh Hoa Le v. Exeter Finance Corporation*, 990 F.3d 410 (5th Cir., March 5, 2021) some concerns it has over the filing of too many documents under seal in the public record. Specifically,

> True, even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access." That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a

---

[1] Said protective order is [Doc. No. 93] issued by Magistrate Judge McClusky.

1

> level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."

*Id*, at 419. This Court shares those same concerns, and generally allows litigants to seal documents if they supplied the Court with sufficient reasons for sealing said documents.

After reviewing the submitted motion, the Court finds that Plainitff has failed to articulate why these documents are entitled to being sealed. The statement that the information is confidential subject to a protective order is hardly convincing for why the public does not have a right of access to this information. Further, the statement that the public has a relatively small interest in the portions of its exhibits does not outweigh the right of the public's access in this case. The Court sees no justification for sealing exhibits in their entirety and **DENIES** the Motion to Seal.

Further, in an even more recent ruling from Fifth Circuit in *IFG Port Holdings, LLC v. Lake Charles Harbor & Terminal District*, 22-30398, Sept. 21, 2023, the Fifth Circuit reiterated *Bin Hoe Le*, specifically asserting that:

> When a party seeks to file material under seal, the judge must "undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure'" and explain its sealing decision "at 'a level of detail that will allow for this Court's review.'" *Le*, 990 F.3d at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 393, 397 (5th Cir. 2017)). A court errs "if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'" *Id.* (alteration in original) (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

*IFG Port Holdings*, p. 12. It went on to assert that the Fifth Circuit has instructed the courts to be "ungenerous" in their discretion to seal documents. *Id*. The Fifth Circuit also emphasized that sealings are "often unjustified" and that there is a strong presumption against sealing judicial records because the court should be "urg[ing] litigants and . . . judicial colleagues to zealously

guard the public's right of access to judicial records . . . so 'that justice may not be done in a corner'". *Id*. p. 14.

Plaintiff asserts that exhibit one should be sealed because it contains an expert report stating Epic's profits, licensing agreement, and terms relating to licensing and settlement agreements. Plaintiff asserts that exhibit two should be sealed because it contains the name of the licensee. Plaintiff contends that exhibit three, ten, eleven, thirteen, fourteen, and fifteen should be excluded because it references confidential financial information and/or distribution figures. Plaintiff contends exhibit twenty-one should be sealed because it contains confidential printing and shipping quantities. No further representations as to the need to protect the exhibits from disclosure are set forth in the Motion. Plaintiff has not clearly set forth a compelling and need to prevent the disclosures, nor have they made any attempt to demonstrate what specific prejudice or harm will result if the exhibits at issue are not sealed in their entirety. The Court is not convinced that sections of the exhibits with only minimal references to specific information justify being sealed as a whole.

However, as done in *Ruby Slipper Café, LLC v. Belou*, No. 18-cv-1548, 2020 WL 4897905 at *9, the Court believes redaction of the public's version serves to suffice Plaintiff's contentions. *Erfindergemeinschaft v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 434207, at *2 (E.D. Tex. Feb. 1, 2017). Thus, the Court believes that the exhibits in their current form in the record (redacted) satisfies both the Plaintiff's worries and the public's right to access judicial records.

For these reasons,

**IT IS ORDERED** that the Motion to Seal [Doc. No. 320] is **DENIED**.

MONROE, LOUISIANA, this 30th day of April 2025.

_____
Terry A. Doughty
United States District Judge